1  Gregory S. Dovel (State Bar No. 135387)
2  greg@dovellaw.com
   Jeff Eichmann (State Bar No. 227472)
3  jeff@dovellaw.com
4  DOVEL & LUNER, LLP
   201 Santa Monica Blvd., Suite 600
5  Santa Monica, California 90401
6  (310) 656-7066
   (310) 656-7069 fax
7
8  Attorneys for Plaintiff and Counterdefendant
   Enovsys LLC
9
                 **UNITED STATES DISTRICT COURT**
10
                 **CENTRAL DISTRICT OF CALIFORNIA**
11
                 **WESTERN DIVISION**
12

| 13 Enovsys LLC, | Case No. CV 06-05306 RSWL (SHx) |
|---|---|
| 14  Plaintiff/Counterclaim defendant, | **Memorandum of points and authorities in support of Plaintiff's motion to preclude Defendants from eliciting testimony from Mundi Fomukong regarding (1) prosecution estoppel or (2) application of patents to prior art or Defendants' accused systems** |
| 15 vs. | |
| 16 Nextel Communications, Inc., et al., | |
| 17 | |
| 18  Defendants/Counterclaimants. | |
| 19 | |
| 20 | |
| 21 | Date:   None set |
| 22 | Time:   None set |
| 23 | Place:  Courtroom 21, 312 N. Spring St. Los Angeles, CA 90012 |
| 24 | Judge:  Hon. Ronald S.W. Lew |

25
26
27
28

Memo of p's & a's in supp. of motion to preclude improper questioning of Fomukong

## I.      Introduction.

Yesterday (May 11), Defendants expressed their intention of recalling inventor Mundi Fomukong to the stand (on May 13 or 14) in support of their defense case.  Judging from the way Defendants have set up their case during opening statements and throughout the cross-examination of Plaintiff's witnesses, it appears that Defendants may seek to examine Mr. Fomukong on the following issues:

(1) the arguments and amendments made during the prosecution of the patents-in-suit and their effect on the claim scope and meaning; and

(2) Mr. Fomukong's opinions regarding the patents-in-suit as compared to the prior art and/or the Defendants' accused systems.

Questioning in these areas should be precluded because (1) the effect of arguments or amendments made during the prosecution history is a question of law for the Court to decide (and one the Court has already decided); and (2) Mr. Fomukong has not been designated nor qualified by any party to provide expert testimony regarding the validity or infringement of the patents and therefore his testimony on the subject is neither relevant nor proper.

## II.      Prosecution history arguments and amendments.

Defendants have argued that during the prosecution of the patents-in-suit, the claimed inventions were amended and narrowed to the point where Defendants' accused systems no longer fall within the patents' boundaries.  The effect (if any) of the arguments and amendments made during prosecution of the patents relates to two issues:  (1) the claim construction of the patents, and (2) the potential application of the doctrine of prosecution history estoppel.  Here neither issue is properly raised with Mr. Fomukong or before the jury.

*First*, with respect to the construction of the asserted claims of the patents, that is a matter of law within the exclusive province of the Court.  *Markman v. Westview Insr., Inc*., 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), aff'd, 116 S. Ct. 1384 (1996)

- 1 -

Memo of p's & a's in supp. of motion to preclude improper questioning of Fomukong

("the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court"); *Phillips v. AWH Corp.*, 415 F.3d. 1303, 1317 (Fed. Cir. 2005) (en banc) ("The purpose of consulting the prosecution history in construing a claim is to 'exclude any interpretation that was disclaimed during prosecution'"). Moreover, the Court in this case has already construed the asserted claims of the patents-in-suit and, in doing so, expressly considered the Defendants' prosecution-based arguments. For example, Defendants argued that the term "continuously track" (which appears in Claims 1 and 23 of the '461 patent) should be interpreted narrowly in light of the prosecution history:

> "As used in claims, 'continuously tracked' should be construed to mean that 'the mobile unit continuously transmits its location to the network, and the network continuously receives and stores the transmitted location.' This interpretation is directly supported by patentee's own assertion during prosecution when this claim limitation was added."

Defs' claim construction brief (docket no. 195) at 15. The Court, however, rejected this attempt to narrow the claim scope and adopted Plaintiff's construction: "kept track of ((i.e. observed or known about) without interruption." Claim construction order (docket no. 261) at 10-11. The Court did, however, rule that the term "continuously being tracked" – as found in the preamble to Claim 23 – does include the same limitation found in Claim 1's use of "continuously track," when read in the context of the prosecution history. Order re Defs' motion *in limine* no. 6 (docket no. 345).

Accordingly, to the extent Defendants seek to reargue their positions regarding claim construction through the testimony of Mr. Fomukong, this is improper. Their argument raises a question of law for the Court and the Court has already made its determination as to the claim meaning in light of the prosecution history.

<u>Second</u>, with respect to Defendants' related argument that the doctrine of prosecution history estoppel bars a finding of infringement, this position is similarly not one that should be raised through Mr. Fomukong. The application of the doctrine of

- 2 -

Memo of p's & a's in supp. of motion to preclude improper questioning of Fomukong

prosecution history estoppel is a question of law for the Court's determination and it is a question that only arises where infringement under the doctrine of equivalents is asserted. *Biagro Western Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1301-1302 (Fed. Cir. 2005) ("Prosecution history estoppel is a legal limitation on the doctrine of equivalents relating to the application and scope of prosecution history estoppel, including whether the presumption of surrender of subject matter has arisen and whether it has been rebutted, are questions of law to be decided by the court"). Accordingly, it is improper to present this issue – whether through Mr. Fomukong's testimony or otherwise – for determination by the jury. Moreover, the doctrine of prosecution history estoppel is irrelevant to this case since, as the Court has expressly ruled, Plaintiff is not asserting (and, in fact, is precluded from asserting) infringement under the doctrine of equivalents. Order re Defs' motion *in limine* no. 5 (docket no. 345).

Therefore, any attempt by Defendants to elicit testimony from Mr. Fomukong regarding the amendments and arguments made during prosecution and their effect on the claim scope or meaning should be precluded as (1) invading the Court's province as claim construer and (2) irrelevant and confusing, since the Court has already construed the claims of the patents and determined that the doctrine of prosecution history estoppel is irrelevant (since Plaintiff may not assert infringement under the doctrine of equivalents). Fed. R. Evid. 402, 403.

### III.    No expert opinions from Fomukong.

During their deposition of Mr. Fomukong, Defendants devoted a large majority of their examination to questions more properly directed toward expert witnesses. For example, many hypothetical scenarios were posed to Mr. Fokumong and he was asked to opine on whether the scenarios represented something he believed was within the scope of his invention. Mr. Fomukong was also asked to distinguish his invention from the prior art. During their cross-examination of Mr. Fomukong at trial last week, Defendants began down this road again and bordered on soliciting expert

- 3 -

testimony from him regarding his invention and its relation to the prior art.  To the extent that the Defendants seek – in recalling Mr. Fomukong to the stand – to elicit his opinions on whether the patents are valid as compared to the prior art (as a whole or with respect to particular references) or are infringed by Defendants, such questioning would be improper for three reasons.

*First*, Mr. Fomukong's opinions regarding validity are irrelevant.  Just because he is a co-inventor of the patents, that does not mean that Mr. Fomukong's opinions are relevant.  *Life Techs., Inc. v. Clontech Lab., Inc*., 224 F.3d 1320, 1325 (Fed. Cir. 2000) ("Because patentability is assessed from the perspective of the hypothetical person of ordinary skill in the art, information regarding the subjective motivations of inventors is not material").  To the contrary, issues of validity must be viewed not from the perspective of the inventor, but from the perspective of one or ordinary skill in the art.  *Voice Techs. Group, Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 616 (Fed. Cir. 1999) ("The invention must be evaluated not through the eyes of the inventor, who may have been of exceptional skill, but as by one of 'ordinary skill.' The actual inventor's skill is irrelevant to the inquiry." (internal citations omitted) (emphasis added)); *Arkie Lures, Inc. v. Gene Larew Tackle, Inc*., 119 F.3d 953, 956 (Fed. Cir. 1997) ("The decision of obviousness vel non is made not from the viewpoint of the inventor, but from the viewpoint of a person of ordinary skill in the field of the invention").

*Second*, Mr. Fomukong has no foundation for opining on whether the Defendants' accused systems infringe.  In fact, these last few days of trial represent the first time that Mr. Fomukong has been able to see most of the documents, and all of the testimony, from Defendants that were relied upon by Enovsys' technical expert Dr. Rose in forming his infringement opinions.  (This is because Defendants designated their discovery productions "attorneys eyes only" almost in whole).

*Third*, and most significant, Mr. Fomukong has not been designated to provide expert testimony by either Enovsys or by Defendants.  Both parties have

Memo of p's & a's in supp. of motion to preclude improper questioning of Fomukong

designated technical experts to address issues of validity and infringement in accordance with the Court's scheduling order and the disclosure requirements of Rule 26.  Neither party designated Mr. Fomukong.  Accordingly, Defendants should be precluded from eliciting opinion testimony from Mr. Fomukong as to the validity of the patents (or the disclosures of the prior art) or the Defendants' infringement of the patents– these are subjects for the expert witnesses and Mr. Fomukong is not one of them.

**IV.    Conclusion.**

For the reasons set forth above, Defendants should be precluded from eliciting testimony from Mr. Fomukong regarding (a) the effect of prosecution amendments or arguments on claim scope or meaning, or (b) the validity or infringement of the patents in suit (or the disclosures of the prior art as compared to the patents).

Respectfully submitted,

Dated:  May 12, 2008                 DOVEL & LUNER, LLP


By:   /s/ Jeff Eichmann
         Jeff Eichmann
Attorneys for Plaintiff and Counterclaim
Defendant Enovsys, LLC

Memo of p's & a's in supp. of motion to preclude improper questioning of Fomukong